UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JESUS MORIYAMA, individually and as personal representative of the estate of OLGA GUTIERREZ,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

NO. CV-06-107-RHW

**ORDER RESERVING RULING, DIRECTING FURTHER BRIEFING**

Before the Court is Defendant's Motion for Dismissal (Ct. Rec. 14). This motion was heard without oral argument. Defendant asks the Court to dismiss Plaintiff's Complaint because it fails to state a claim upon which relief may be granted and due to a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(6) & (1).

## STANDARD OF REVIEW

**A.  Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All material allegations in a complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Geraci v. Homestreet Bank,* 347 F.3d 749, 751 (9th Cir. 2003). Dismissal is proper only where there is no cognizable legal theory or

ORDER RESERVING RULING, DIRECTING FURTHER BRIEFING * 1

an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro*, 250 F.3d at 732. The Court, in reviewing a Rule 12(b)(6) motion, must consider only the facts alleged in the pleadings, documents attached as exhibits, and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999).

**B. Summary Judgment Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) shall be construed as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the court. Fed. R. Civ. P. 12(b). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is a genuine issue for trial if there is sufficient evidence that favors the non-moving party for a jury to return a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). When reviewing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### DISCUSSION

In its reply, Defendant requests the Court treat the pending motion as a motion under Rule 12(b)(6), and not as a summary judgment motion. However, should the Court determine this should be treated as a summary judgment motion, the Government asks it be given notice and an opportunity to provide a Rule 56 response, including responsive affidavits, and/or a Rule 56(f) declaration seeking discovery.

The Court notes that both parties attached declarations and exhibits to their briefing in support of and in opposition to this motion, thereby expanding the Court's analysis beyond the Complaint. Moreover, the basis for the Government's

motion and Plaintiff's defense to that motion is the date upon which Plaintiff's claim accrued and triggered the statute of limitations under the Federal Tort Claims Act, 28 U.S.C. § 2401(b).  "[W]here the issue of limitations involves determinations [of when a claim begins to accrue], summary judgment cannot be granted unless the evidence is so clear that there is no genuine factual issue." *Lundy v. Union Carbide Corp.*, 695 F.2d 394, 397-98 (9th Cir. 1982).  The Court finds the Government's motion is more appropriately one for summary judgment and that more information is necessary for it to decide this issue.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court **reserves ruling** on Defendant's Motion for Dismissal (Ct. Rec. 14).

2. The parties are directed to confer and propose a briefing schedule on the Government's expanded motion.  The parties shall file a stipulation outlining their proposed briefing and, if necessary, discovery schedule, and a notice of hearing on or before **ten days** after the entry of this Order.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 20th day of November, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Moriyama\reserve.dismiss.ord.wpd

ORDER RESERVING RULING, DIRECTING FURTHER BRIEFING * 3